IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DARREN BURKE,** | § § § | |
| **Plaintiff,** | § § § § | |
| v. | § § | Cause No. 1:17-cv-70 |
| **DE ANDA TRUCKING, INC., JOSIE S. DE ANDA, JUAN DEANDA, and JAVIER DE ANDA,** | § § § § § | A Jury is Demanded |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

DARREN BURKE, Plaintiff, by and through his undersigned counsel, herby files this Original Complaint and Jury Demand. Plaintiff brings this action against the Defendants, DE ANDA TRUCKING, INC., JOSIE S. DE ANDA, JUAN DEANDA, and JAVIER DE ANDA, under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III) ("FLSA"). This is an individual action by Plaintiff against his employers. Plaintiff seeks damages for unpaid overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## PARTIES

1. Plaintiff DARREN BURKE, was an "employee" of Defendants, as that term is defined by the FLSA. During his employment with the Defendants, the Plaintiff was individually and directly engaged in interstate commerce, and his work was essential to Defendant's business. Plaintiff, DARREN BURKE resides in New Braunfels, Texas.

2. Defendant, DE ANDA TRUCKING, INC., is a corporation formed and existing under the law of the State of Texas and is authorized to conduct business in the state of Texas and at all times material this complaint, operated a trucking company in Travis County, Texas. Defendant, DE ANDA TRUCKING, INC., was Plaintiff's "employer" as defined in 29 U.S.C. § 203(d).

3. Defendants, JOSIE S. DE ANDA, JUAN DEANDA, and JAVIER DE ANDA, are individuals residing in Travis County, Texas, and at all time material to this Complaint were jointly and severally Plaintiff's employers as defined in 29 U.S.C. § 203(d). Defendants, JOSIE S. DE ANDA, JUAN DEANDA, and JAVIER DE ANDA, controlled the terms and conditions of Plaintiff's employment, including the amount of his pay, his hours worked, and whether or not Plaintiff was paid overtime for the hours he worked in excess of 40 in a workweek.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1337 and 29 U.S.C. §216(b).

5. At all times pertinent to this Complaint, Defendant, DE ANDA TRUCKING, INC., was an enterprise engaged in interstate commerce, purchasing materials through commerce, transporting final products through commerce, and conducting transactions through commerce, including the transportation of materials used in the building of interstate roads and highways. At all times pertinent to this Complaint, Defendant, DE ANDA TRUCKING, INC., regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce through his transportation of materials utilized to build interstate roads and highways. The Plaintiff's work was essential to Defendants' business.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within Travis County, Texas, and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

7. Plaintiff, DARREN BURKE, worked for Defendants from May 5, 2013, through November of 2016, as a truck driver, and paid on a commission basis. Plaintiff was not paid any overtime for his work in excess of 40 hours per workweek.

8. Plaintiff, DARREN BURKE, performed duties including the intrastate transportation of gravel, rock and asphalt.

9. Plaintiff, DARREN BURKE's work required the he work in excess of forty hours in any given work week.

## **ALLEGATIONS**

10. During some or all of the workweeks of his tenure with the Defendants, Plaintiff worked in excess of 40 hours per week.

11. During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

12. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

13. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

14. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

15. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

16. Defendants did not maintain accurate time records in accordance with the requirements of the FLSA.

17. At all times material to this Complaint, Defendants were the employer of the Plaintiff as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

18. Additionally, Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities.

### CAUSE OF ACTION: VIOLATION OF THE

19. Throughout Plaintiff's employment with Defendants, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

20. During one or more workweeks of Plaintiff's employment with Defendants, Plaintiff has worked more than forty (40) hours per week.

21. Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

22. Defendants did not pay Plaintiff the overtime rate for hours worked over forty (40).

23. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

24. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

25. Plaintiff also seeks compensation of recoverable expenses, costs of court, expert fees, mediator fees, and out-of-pocket expense incurred and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

26. Plaintiff has retained the law firm of Ross Law, P.C. to represent his in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff are entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims that he has asserted in this Complaint.

### PRAYER FOR RELIEF

Plaintiff demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff declaratory and/or injunctive relief as permitted by law or equity;

b. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

c. Awarding Plaintiff pre-judgment and post-judgment interest as provided by law, should liquidated damages not be awarded;

d. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

e. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted, February 2, 2017.

ROSS LAW GROUP

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810

1104 San Antonio Street  
Austin, Texas 78701  
(512) 474-7677 Telephone  
(512) 474-5306 Facsimile  
Charles@rosslawgroup.com